Eric Christopher **GRANGER,**
**Defendant-Appellant,**

v.

**UNITED STATES of America,**
**Plaintiff-Appellee.**

No. 82–3209.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 1982.

Decided Sept. 30, 1982.

Stephen R. Sady, Portland, Or., for defendant-appellant.

Ellen F. Rosenblum, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before SNEED and SKOPIL, Circuit Judges; and COUGHENOUR,* District Judge.

PER CURIAM:

Granger, a federal prisoner, appeals from the district court's denial of his section 2255 petition. We affirm.

Granger received a five year sentence for bank robbery. The district court ordered him to serve six months in custody and suspended execution of the remaining four and one-half year period, to begin when he was released from custody.

After serving his six month sentence, Granger was released and entered the probationary period. He violated one of the conditions of probation; the district court revoked probation and sentenced Granger to three years imprisonment.

The Bureau of Prisons did not give Granger credit toward the three year sentence for the six months previously served, which would have reduced Granger's sentence to two and one-half years.[1] The district court denied Granger's subsequent section 2255 petition, stating that had it "known that

---

* The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation.

1. 18 U.S.C. § 3568 provides: Effective date of sentence; credit for time in custody prior to the imposition of sentence.

   The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....

the reduced and lenient sentence [it] imposed upon revocation of probation created interpretive problems under 18 U.S.C. § 3568, [it] would have made clear that [it] intended Granger to serve three and one-half years total imprisonment."

▪▪ We agree with the district court that the better practice, when imposing sentence, would be to take into account explicitly the amount of time previously served in custody. Failure to do so, however, does not require a modification of Granger's sentence. When a convicted defendant receives less than the maximum possible sentence, he is presumed to have been credited for any time served in custody before sentencing unless the record shows credit was not given. *Myers v. United States,* 446 F.2d 232, 234 (9th Cir. 1971) (citing *Aldridge v. United States,* 405 F.2d 831, 832 (9th Cir. 1969)). The reasoning of *Myers* governs the present case.

Granger could have received the entire four and one-half years remaining from his original five year sentence, the execution of which had been suspended. *United States v. McDonald,* 611 F.2d 1291, 1295 (9th Cir. 1980). The record does not show that credit was not given. The Bureau of Prisons properly presumed, as the trial judge intended, that Granger had been allowed credit for the six months served, when he was sentenced to serve a more lenient three year term, rather than the entire remaining sentence.

AFFIRMED.