Isidro Sanchez OCHOA,
Petitioner-Appellant,

v.

M.C. LENNON, Jr., Warden, Federal Correction Institute, Bastrop, Respondent-Appellee.

No. 84–1023.

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1985.

Rehearing and Rehearing En Banc Denied March 28, 1985.

Garwood, Circuit Judge, dissented and filed an opinion.

Joe Gagen, Houston, Tex. (court-appointed), for petitioner-appellant.

Helen M. Eversberg, U.S. Atty., Hugh P. Shovlin, Asst. U.S. Atty., San Antonio, Tex., for respondent-appellee.

Before POLITZ, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The district court granted the respondent's motion for summary judgment and denied petitioner's application for writ of habeas corpus. We affirm.

I

On January 23, 1979, appellant was sentenced by a federal district judge to ten years imprisonment with a five-year special parole term to follow. The trial court, following the split sentence provisions of 18 U.S.C. § 3651,[1] directed Ochoa to serve 179 days of the ten-year sentence, suspended execution of the remainder of his sentence, and placed petitioner on probation for five years commencing upon his release from confinement. Ochoa completed the confinement portion of his sentence on May 31, 1979, and was placed on probation. On October 23, 1979, the district court revoked petitioner's probation for violating the terms of his probation as authorized by 18

---

**1.** The pertinent portion of section 3651 provides:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant

will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

U.S.C. § 3653.[2] The court directed Ochoa to serve a term of six years with a five-year special parole term to follow.

The Bureau of Prisons followed its published guidelines[3] and declined to give Ochoa credit toward the six-year sentence for the 179 days previously served, which credit would have reduced Ochoa's sentence to five and one-half years.[4]

Ochoa contends that his total sentence is six years, which should be reduced by the 179 days he served in 1979 on grounds that: (1) proper statutory interpretation compels this result, (2) alternatively, if the Bureau of Prisons correctly interpreted the statute, this application of the criminal laws violates his constitutionally-protected rights against double jeopardy and equal protection of the laws.

## II

A sentencing court is granted limited authority by 18 U.S.C. § 3651 to impose a split sentence, that is, include both confinement time and probation in a single sentence upon conviction of a single crime. Section 3651 provides that: "[the court] may impose a sentence in excess of six months and provide that the defendant be confined ... for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and defendant placed on probation...." If the defendant's probation is revoked after he serves the initial confinement portion of the sentence, 18 U.S.C. § 3653 authorizes the trial court to designate the amount of time defendant must then serve: "the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, ...."

Appellant argues from the language of sections 3651 and 3653 that the six-year sentence the trial court imposed following revocation of probation was a modification of the original sentence announcing the *total* time to be served rather than a separate sentence that stated the *remaining* time to be served. Since the total sentence under this theory is six years, Ochoa contends the correct way to compute his net sentence is to deduct the 179 days he served from the total sentence of six years.

Ochoa's springboard is the language of section 3653. He argues that his sentence was "imposed" on January 23, 1979, and the only authority granted the district court following revocation of probation was to "require" him to serve the sentence originally imposed or some lesser sentence. Ochoa asserts that it therefore follows that the district court's action following probation revocation was not the imposition of sentence; rather it simply connotes a change in the original sentence. He concludes that the modified sentence becomes "the only sentence in effect and the only one the Bureau of Prisons can consider in computing Ochoa's term." (Appellant's brief, P. 9).

**2.** The pertinent portion of section 3653 provides: "Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

**3.** The Bureau of Prisons Program Statement 5880.20 states, in pertinent part:
If an individual is recommitted as a probation violator, three different and distinct terms (original overall term, initial confinement term and probation violater term imposed at the time of revocation) must be considered in determining the term in effect. In all cases, the sentence on revocation will be computed as beginning on the date initially committed to the "split sentence," becoming inoperative on the date of release, and resuming on the date recommitted as a probation violator. The term in effect will be determined by adding the term of the initial confinement portion, as imposed, to the term imposed at the time of probation revocation.

**4.** 18 U.S.C. § 3568 provides:
Effective date of sentence; credit for time in custody prior to the imposition of sentence.
The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....

Ochoa finds some support for his argument from *United States v. Rice,* 671 F.2d 455 (11th Cir.1982). In *Rice,* the question presented was whether a Rule 35(b) motion[5] was filed as required within 120 days of imposition of sentence. The defendant was initially sentenced in 1978 under section 3651 to a three-year sentence, execution of which was suspended and defendant was placed on probation for four years. Probation was revoked three years later and the defendant was directed to serve a three-year sentence of confinement. The court held that the sentence was "imposed" in 1978 and the subsequent action following revocation of probation in 1981 was not a new, separate sentence. The court concluded therefore that the Rule 35(b) motion filed in 1981 was not timely.

Defendant argues that the court's rationale supports his view that the only sentence imposed was the original sentence and the subsequent action following probation revocation was a modification of that sentence so that the 179 days he served should be credited against that single sentence as modified.

Although this argument has some surface appeal, it ignores the authority granted under section 3653 to the sentencing judge who revokes probation. Section 3653 empowers the sentencing judge who revokes probation to require the prisoner to serve the sentence imposed—ten years in this case—or any lesser sentence. Consequently, the judge who revoked Ochoa's probation undoubtedly had the authority to require Ochoa to serve a term of up to nine and a half years—the original sentence less the time served. Assuming the action taken by the sentencing court following probation revocation is a modification of the original sentence, in the absence of contrary directives by the sentencing judge, we conclude that it is reasonable to presume that the six years the court directed Ochoa to serve is in addition to the initial 179-day jail term.

The Ninth Circuit in *Granger v. United States,* 688 F.2d 1296 (9th Cir.1982), was presented with the identical issue confronting us today. In *Granger,* the court sentenced defendant to five years imprisonment and directed that he immediately serve a six-month sentence; execution of the remaining four and a half-year jail term was suspended. Defendant served the six-month jail sentence, after which he was released on probation. He then violated the terms of probation and the sentencing judge required him to serve three years imprisonment. The Bureau of Prisons declined to give the defendant credit against the three-year sentence for the six months initially served. Granger made the same argument to the Ninth Circuit that Ochoa makes to us that the Bureau of Prisons improperly computed the time he was required to serve. The court rejected defendant's argument and held:

> When a convicted defendant receives less than the maximum possible sentence, he is presumed to have been credited for any time served in custody before sentencing unless the record shows credit was not given.

> \*     \*     \*     \*     \*     \*

> The Bureau of Prisons properly presumed, as the trial judge intended, that Granger had been allowed credit for the six months served, when he was sentenced to serve a more lenient three year term, rather than the entire remaining sentence.

We agree with the reasoning of the *Granger* court that it is reasonable to presume that the sentencing judge who revokes probation takes a fresh look at the defendant's culpability and circumstances and considers at that point in the proceedings the amount of time the defendant should be required to serve. Also, it is not unrealistic to note that the district court sentences in light of regulations and other pronouncements published by the parole commission and the Bureau of Prisons. If the sentencing court had wished Ochoa to

---

**5.** The pertinent portion of Rule 35(b) Federal Rules of Criminal Procedure provides: "The court may reduce a sentence within 120 days after the sentence is imposed...."

receive credit for the six months initially served—contrary to the Bureau of Prisons guidelines, it is reasonable to expect that it would have either directed that such credit be given or would have required defendant to serve only five and a half years.

■ We conclude that the Bureau of Prisons properly computed defendant's sentence and the trial court correctly denied habeas relief on this claim in petitioner's application.

■ Appellant also contends that the Bureau of Prison's calculation of the term of his confinement violates protection against double jeopardy provided him in the fifth amendment. This contention is based on the theory that when the Bureau of Prisons added the initial 179 days of confinement to the six-year sentence, it was punishing defendant twice for the same offense. This argument is totally without merit. See *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1954); *Thomas v. United States*, 327 F.2d 795 (10th Cir.), *cert. denied*, 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1969).

■ Appellant also argues that the refusal of the Bureau of Prisons to reduce his six-year sentence by the 179 days he initially served is a violation of the equal protection clause. This contention is equally meritless and is also rejected. See *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973).

AFFIRMED.

GARWOOD, Circuit Judge, dissenting.

I respectfully dissent. I would follow *United States v. Rice*, 671 F.2d 455 (11th Cir.1982) and hold that where sentence has been originally imposed there is not a resentencing under 18 U.S.C. § 3653 but rather a reinstatement or reduction of the original sentence.

Let us suppose a situation where the maximum sentence for the offense is two years, and the defendant receives a two-year sentence, with an initial six months' confinement to be followed by eighteen months probation. He serves the initial six months' confinement, and shortly following release he violates the terms of his probation and it is revoked. Under section 3653 the district court is now to "require him to serve the sentence imposed, or any lesser sentence." Plainly, "the sentence imposed" means that imposed at the original sentencing, namely two years; and "any lesser sentence" means any that is less than that imposed at the original sentencing, namely any less than two years. If the district court "requires him to serve the sentence imposed," he is required to serve two years, and, having already served six months, will then have eighteen more to serve. All agree on this. If on the revocation the district court "requires him to serve ... [a] lesser sentence" than that originally imposed, say a sentence of twenty-one months rather than two years, how much more time will he then have to serve? The majority presumably says he will then still have eighteen more months to serve, the same as if the revocation court had required him to serve the sentence originally imposed. And, if the revocation court requires him to serve a sentence of eighteen months, rather than either the original two-year sentence or the hypothetical twenty-one-month sentence, how much more time will he then have to serve? The majority presumably still says eighteen more months.

This, I submit, is illogical. Under the majority approach, where the revocation court, in the example given, requires the defendant to serve a "lesser sentence" than that originally imposed, the defendant is nevertheless required to serve just as much time as if the revocation court had required him to serve "the sentence imposed." Similarly, where the revocation court, in the example given, requires the defendant to serve a sentence which is three-fourths as long as that originally imposed, the defendant is nevertheless required to serve just as much time as if the revocation court had required him to serve a sentence seven-eighths as long as the original.

The "require him to serve" language of section 3653 applies equally and without differentiation to both "the sentence imposed" and "any lesser sentence." In each case what must be served is a sentence, not a part of a sentence. With reference to "the sentence imposed," it is plain that the service of sentence contemplated by "require him to serve" includes the service of the initial confinement period. The same should be true of the identical words as applied to "any lesser sentence." Indeed, it obviously *is* true with respect to all lesser sentences that are not lesser by as much as the initial confinement served. But section 3653 contemplates only two categories of required service, that of "the sentence imposed" and that of "any lesser sentence;" it does not contemplate a third category of service of sentences lesser than the original sentence by more than the initial confinement period.

The result reached by the majority would be correct if section 3653 contained an appropriate reference to the unserved portion of the sentence imposed. But it does not; it mentions *only* "the sentence imposed, or some lesser sentence."

It seems to me that the simpler, clearer rule, not requiring us to speculate about each particular revocation court's intent, is to follow the plain meaning of section 3653 and hold that where the revocation court requires a previously sentenced defendant to serve either the original sentence or any lesser sentence, the required service of sentence includes, and is not additional to, that already performed under the original sentence.

Therefore, I respectfully dissent.*

* I join the majority opinion in its discussion and holding on the double jeopardy and equal protection issues. I also note that Ochoa's original sentence, as well as the sentence he was required to serve under section 3653, included a final five-year special parole term.