William L. DAVIS, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 86–5118.

United States Court of Appeals,
Eighth Circuit.

Submitted April 22, 1986.

Decided May 14, 1986.

Before McMILLIAN, BOWMAN, and WOLLMAN, Circuit Judges.

BOWMAN, Circuit Judge.

William L. Davis, Jr., an inmate of the Federal Correctional Institution at Sandstone, Minnesota, appeals from the District Court's[1] order denying his petition for a writ of habeas corpus seeking relief from the Bureau of Prisons' computation of the term of his sentence. We affirm.

In 1977, following Davis's conviction on several firearms offenses, the District Court for the Eastern District of Pennsylvania sentenced him, pursuant to the "split sentence" provisions of 18 U.S.C. § 3651, to a term of five years imprisonment with six months to be served in a penal institution, the execution of the remainder to be suspended, and four and one-half years to be served on probation commencing upon his release from confinement. In 1982, after serving the six months and while on probation, Davis committed two felonies for which he received concurrent prison sentences of eighteen months and two years. In addition, Davis's probation was revoked and he was ordered to serve, consecutively to the prison sentences imposed for the offenses committed while he was on probation, two years of the five-year sentence imposed in 1977.

Davis's petition alleges that the Bureau of Prisons improperly has refused to grant Davis credit for the time he initially served under the split sentence. Davis seeks a credit of six months toward his total sentence.

The District Court, adopting the magistrate's report and recommendation, denied Davis's petition. The magistrate acknowledged that the sentencing court did not specify whether the two-year prison term that the court ordered upon Davis's violation of the conditions of his probation was to be in addition to the six-month term already served. Nevertheless, the magistrate recommended upholding the Bureau of Prisons policy of treating the terms as cumulative. The District Court considered Davis's objections to the recommendation, found no need for an evidentiary hearing because no facts were in dispute, and entered its order from which Davis appeals.

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

Davis's claim of entitlement to a credit of six months requires consideration of three statutes governing, respectively, split sentences, sentence modification upon probation revocation, and credit for time served. First, under 18 U.S.C. § 3651, a sentence for a single conviction may include both confinement time and probation. When the maximum allowable punishment for an offense is more than six months, the sentencing court may impose a sentence exceeding six months, order confinement for not more than six months, suspend the execution of the remainder of the sentence, and place the defendant on probation for up to five years. Second, 18 U.S.C. § 3653 provides that if the sentencing court subsequently revokes probation, the court may "require [the probationer] to serve the sentence imposed, or any lesser sentence...." Finally, under 18 U.S.C. § 3568, "[t]he Attorney General shall give any [person convicted of an offense] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

The Bureau of Prisons takes the position that the sentence imposed upon revocation of the probationary portion of a split sentence is the *remaining* time to be served, not the *total* time to be served. Thus, under the Bureau's method of computing the total sentence, the initial confinement portion (in this case, six months) is added to the remaining time to be served (two years). *See* Bureau of Prisons Program Statement 5880.20 (computation of split sentences). The effect of the Bureau's policy in this case is that the two-year sentence resulting from Davis's violation of probation is treated as a full two-year sentence rather than as a sentence of one year and six months. Although this Court apparently has not yet considered the Bu-

reau's policy, the Ninth and Fifth Circuits have approved it.

In *Granger v. United States*, 688 F.2d 1296 (9th Cir.1982), the Bureau of Prisons did not give Granger credit, after the revocation of his probation, for the time he initially served on his split sentence. The sentencing court subsequently denied Granger's Section 2255 petition and clarified its intention that the sentence it had imposed upon probation revocation (which was a lesser sentence than originally imposed) was to be in addition to the time already served. *Id.* at 1296–97. The Ninth Circuit stated that it would be better for a court imposing sentence upon revocation "to take into account explicitly the amount of time previously served in custody." *Id.* at 1297. But the Ninth Circuit went on to say that the case was governed by the analogous rule[2] that "[w]hen a convicted defendant receives less than the maximum possible sentence, he is presumed to have been credited for any time served in custody before sentencing unless the record shows credit was not given." *Id.* The court concluded: "The Bureau of Prisons properly presumed, as the trial judge intended, that Granger had been allowed credit for the six months served, when he was sentenced to serve a more lenient three year term, rather than the entire remaining sentence." *Id.*

The Fifth Circuit agreed with the reasoning of *Granger* in *Ochoa v. Lennon*, 750 F.2d 1345, 1348 (5th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985). There, the prisoner argued from the language of 18 U.S.C. §§ 3651 and 3653 that "the only sentence imposed was the original sentence and the subsequent action following probation revocation was a modification of that sentence," so that the initial

---

**2.** This rule involves credit against a sentence for presentence jail time, and a presumption that the sentencing court implicitly gave credit if the announced sentence plus presentence jail time totals less than the maximum possible sentence. As the magistrate's report in this case noted, the Eighth Circuit has adopted a rebuttable version of the credit presumption in the pre-sentence custody context. *See, e.g., United States v. Dow-*

*ney*, 469 F.2d 1030, 1032 (8th Cir.1972); *King v. Wyrick*, 516 F.2d 321, 324 (8th Cir.1975) (acknowledging the presumption but holding it inapplicable to the case). This Court apparently has not considered the presumption in the split sentence context, where the prisoner seeks credit toward a modified sentence for time served pursuant to the terms of the original sentence.

confinement period of his split sentence "should be credited against that single sentence as modified." *Id.* Noting that Section 3653 permits the sentencing court to require service of the sentence imposed *or* any lesser sentence, the court, with one judge dissenting, held that if the sentencing court reduces the original sentence and gives no contrary directive, it is reasonable to presume that the reduced sentence is in addition to the initial period of confinement. *Id.*

We reach the same conclusions as have the Ninth Circuit in *Granger* and the Fifth Circuit in *Ochoa.* As a practical matter, the sentencing court has wide discretion in determining (within the statutory range) the time to be served. When the court orders a convicted criminal whose probation has been revoked to serve a lesser prison term than originally designated, the exprobationer should serve the sentence intended by the court. The presumption that the court intends the reduced sentence to be in addition to the initial period of confinement is strongly supported by judicial awareness of the Bureau of Prisons' published guidelines. As the *Ochoa* majority (and the magistrate here) observed, a sentencing court surely takes those guidelines into consideration, and if the court wishes a probationer to receive credit for the initial confinement period of a split sentence— contrary to the Bureau's guidelines—it is reasonable to expect the court to direct that such credit be given. 750 F.2d at 1348–49. Absent such a direction by the sentencing court, there is simply no reason to regard the credit as being available when, as in the instant case, the jail time already served on the split sentence plus the additional jail time ordered upon revocation of probation is less than the entire original sentence.