**Ulysses BRAME, Appellant,**

v.

**James F. PALMER, Appellee.**

**No. 85–690.**

District of Columbia Court of Appeals.

Submitted Feb. 11, 1986.

Decided June 16, 1986.

Keith Winston Watters, Washington, D.C., for appellant.

Richard B. Nettler, Asst. Corp. Counsel at the time the brief was filed, with whom Charles L. Reischel, Deputy Corp. Counsel, and John H. Suda, Acting Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before BELSON, ROGERS and STEADMAN, Associate Judges.

ROGERS, Associate Judge:

Appellant appeals from the denial of his petition for a writ of habeas corpus [1] on the ground that he is entitled to credit under 18 U.S.C. § 3568 (1982), *repealed* effective Nov. 1, 1986, by Pub.L. 98–473, Title 11, c. 11, § 212(1)(2), Oct. 12, 1984, 98 Stat.1987, for time served on his original sentence when he was given a new sentence after his probation was revoked. Upon revocation of probation, appellant's sentence was

---

1. D.C.Code § 16–1901 (1981).

reduced by more than the time for which he claims credit. We affirm.

Appellant was sentenced in May 1983 following his plea of guilty to carrying a pistol without a license, D.C.Code § 22–3204 (1981), to 40 months to ten years with all but 18 months suspended, and five years probation. After serving his time in prison, he was released on probation. He was subsequently arrested for possession of marijuana, *id.* § 33–541(a)(1) (Supp. 1985), and sentenced in December 1984, after his plea of guilty, to 14 months. As a result, his probation on the pistol charge was revoked and the sentence of 40 months to ten years was reduced to one to three years, to be served consecutively to the 14-month sentence on the drug charge. Appellee did not credit any portion of the 18 months which appellant had served in prison on the pistol charge against the reduced sentence.

18 U.S.C. § 3568 provides:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit towards service of his sentence for any days spent in custody in connection with the offense, or acts for which the sentence was imposed ... No sentence shall prescribe any other method of computing that term.[2]

Appellant contends he was entitled, under the plain meaning rule of statutory interpretation, *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 754 (D.C.1983),

to receive credit for the 18 months he spent in custody, prior to being released on probation, against the reduced sentence he received upon revocation of his probation. Relying on our opinions stating that penal statutes will be strictly construed in favor of the lesser punishment,[3] he contends that Congress enacted § 3568 in order to prevent confusion, uncertainty, and diversity of practice,[4] and that purpose would be undermined if the sentencing commencement date under the statute were left to broad interpretation of the jail administrator.

In construing the statute, federal courts have held that when a defendant's sentence is modified following the revocation of probation, and the defendant is given a term of imprisonment which is less than that originally imposed, the U.S. Bureau of Prisons may properly assume that the modified, reduced sentence has already taken into account the previous time served unless the record shows credit was not given. *See e.g., Ochoa v. Lennon,* 750 F.2d 1345, 1347, 1348–49 (5th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985); *Granger v. United States,* 688 F.2d 1296, 1297 (9th Cir.1982). It is presumed that the sentencing judge who resentences a defendant following the revocation of probation is aware of the Bureau of Prisons' guidelines, which expressly provide for such an assumption, *see Ochoa, supra,* 750 F.2d at 1347 n. 3, and that the judge intends, when ordering a more lenient sentence to be served, the Bureau to apply those guidelines. *See Stapf v. United States,* 125 U.S.App.D.C. 100, 104, 367 F.2d 326, 330 (1966).

In criticizing this presumption, appellant contends that the statute requires the de-

---

**2.** The statute applies to offenses under the D.C. Code. *Norris v. Freeman,* 497 A.2d 1108, 1110 n. 1 (D.C.1985); *Stapf v. United States,* 125 U.S. App.D.C. 100, 102, 367 F.2d 326, 328 (1966).

**3.** *Henson v. United States,* 399 A.2d 16, 21 (D.C.), *cert. denied,* 444 U.S. 848, 100 S.Ct. 96, 62 L.Ed.2d 62 (1979); *see Rouse v. United States,* 391 A.2d 790 (D.C.1978); *National Staffing Con-*

*sultants, Inc. v. District of Columbia,* 211 A.2d 762 (D.C.1965).

**4.** *United States v. Liddy,* 166 U.S.App.D.C. 289, 294, 510 F.2d 669, 674 (1974), *cert. denied,* 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975), quoting S.Rep. No. 803, 72d Cong., 1st Sess. 2 (1932); H.R.Rep. No. 960, 72d Cong., 1st Sess. 2 (1932).

termination of the amount of the credit to be given for time served to be made by the prison administrator and not by the court. He maintains that the determination of a release eligibility date is based on a number of factors and, therefore, would be difficult for a sentencing judge to make. In addition, he observes that a sentencing judge often imposes a maximum sentence as an incentive for a defendant to do well on probation. He also relies on the dissent in *Ochoa,* in which Justice Garwood stated that the presumption was incorrect and illogical in the absence of a provision in the statute referring to the unserved portion of the sentence imposed. *Ochoa, supra,* 750 F.2d at 1350.

In the instant case the resentencing judge did not indicate upon modifying appellant's sentence, after revocation of his probation, that appellant had received credit for the time previously served in prison under the original sentence. Nor did the judge indicate that he had not considered the time appellant had already served. Obviously, it would have been helpful had the trial judge indicated his intent. It is clear, however, that the judge could have ordered appellant to serve the remainder of the original sentence of 40 months to ten years with credit for the time served automatically applied. D.C.Code § 24–104 (1981). Instead the judge imposed a sentence of one to three years. Thus the minimum term of appellant's sentence was reduced by 28 months and the maximum term was reduced by seven years.

A defendant convicted of a District of Columbia Code offense is committed to the custody of the Attorney General of the United States, and is housed, by agreement with the District of Columbia Government, in District of Columbia or federal facilities. D.C.Code § 24–425 (1981). The offenses of which appellant was convicted are prosecuted by the United States Attorney for the District of Columbia. Although facilities managed by the District of Columbia Department of Corrections are governed by rules and regulations promulgated by the Department and not by those of the Federal Bureau of Prisons, *Norris v. Freeman, supra,* 497 A.2d at 1111 n. 2, and the Department of Corrections has established specific procedures for giving credit for time spent in custody before the commencement of the sentence, *see id.,* citing D.C.Department of Corrections, Department Order No. 4330.1 (Aug. 20, 1970), appellant has not suggested that the Department of Corrections' procedure differed from that applicable to the federal prison system, and nothing in the record so indicates. *See also Norris v. Freeman, supra,* 497 A.2d at 1111 n. 2 (Corrections Department procedures for giving credit for time spent in custody before commencement of sentence parallel those used in the federal prison system). Appellant did not request credit or inquire at the time of sentencing whether the trial judge was granting him credit against the reduced sentence for the 18 months he had served.

Since appellant's original sentence was reduced by an amount which exceeded the credit he seeks, this case does not involve the illogic referred to by the dissent in *Ochoa. See Stapf, supra,* 125 U.S.App. D.C. at 104, 367 F.2d at 330 (presumption that credit for presentence custody for want of bail has been given applies whenever a defendant receives less than a maximum sentence). *Cf. United States v. Briones-Garza,* 680 F.2d 417, 423 (5th Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 229, 74 L.Ed.2d 181 (1982) (revocation of probation is prerequisite to denying defendant credit for time served); *United States v. Shead,* 568 F.2d 678, 683–84 (10th Cir.1978) (Congress gave wide discretion for sentencing probation violators). Nor does it involve the "conclusive" presumption which appellant, citing the dissenting opinion in *Myers v. United States,* 446 F.2d 232, 234–35 (9th Cir.1971) (Justice Browning dissenting), complains is irrational and arbitrary.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Accordingly, we hold that the trial court did not err in denying the writ on the basis of the presumption that appellant's reduced sentence took into account the time he had already served on the sentence.[5]

*Affirmed.*

5. Appellant's constitutional claim is without merit. *Ochoa, supra,* 750 F.2d at 1349 (citing *McGinnis v. Royster,* 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973)); *see Stapf, supra,* 125 U.S.App.D.C. at 103–4, 367 F.2d at 329–30 (credit for presentence custody for lack of bail for certain minimum term offenses but not for other lesser offenses under statute does not violate equal protection because "Congress acted as to the only evil that required legislative action and assumed that in all other instances equivalent relief would be provided by the courts").