**Julian Roger SANCHEZ, Petitioner–Appellant,**

v.

**William A. PERRILL, Respondent–Appellee.**

No. 95–1187.

United States Court of Appeals, Tenth Circuit.

Jan. 5, 1996.

Julian Roger Sanchez, pro se.

Henry L. Solano, United States Attorney, and Martha A. Paluch, Assistant U.S. Attorney, Denver, CO, for Respondent–Appellee.

Before TACHA, LOGAN and KELLY, Circuit Judges.

LOGAN, Circuit Judge.

Petitioner Julian Robert Sanchez was convicted in 1981 of unlawful possession of food stamps, in violation of 7 U.S.C. §§ 2012 and 2024(b). He was sentenced to a split sentence of five years imprisonment, suspended to four months in a treatment-type institution with the remainder on probation. After serving the four months petitioner was placed on probation. Near the end of his probationary period petitioner was convicted and sentenced for possession with intent to distribute marijuana.[1]

Thereafter, petitioner's probation on the original food stamp conviction was revoked. The district court judgment in the revocation proceeding expressly noted the prior sentence it had imposed of "five years imprisonment, all but four months which was to be served in a treatment-type institution followed by probation of four years and eight months." Addendum at 1. It then sentenced petitioner as follows: "The defendant is hereby committed to the custody of the Attorney General of the United States or his authorized representative for a term of one year as to counts one and two, said term is to run concurrent to each other but consecutive to the sentence imposed [on the marijuana charge] issued out of this district." *Id.*

Petitioner sought to have the Bureau of Prisons calculate this one-year sentence by

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant petitioner's motion to be allowed to proceed in forma pauperis in order to reach the merits of his appeal.

crediting against it the four months he previously served before his release on probation. Prison officials notified him that they construed the district court's sentence to require the twelve months to be added to the four months he had previously served. The officials stated they would calculate petitioner's good time on the basis of the four months served before probation plus the twelve months after. Thus petitioner would have to serve the full twelve months additional time at the end of the service of the marijuana sentence reduced by whatever good time credits were earned based on a sixteen-month sentence.

Petitioner's suit in district court challenged that determination. The district court adopted the magistrate judge's recommendation and ruled against petitioner. On appeal he argues that the district court acted without jurisdiction because the Bureau of Prisons had the exclusive authority to calculate the sentence. This misperceives the district court's determination. Petitioner already had lost in his administrative appeal before the Bureau of Prisons. Thus, the only avenue remaining to him was the challenge he initiated in the instant case, to ask the district court, and now this court, to determine that the Bureau of Prisons construction of the sentence imposed upon petitioner was erroneous.

We agree with the district court that the Bureau of Prisons properly interpreted the district court's judgment. That court had the power to order any amount of additional incarceration as long as the total incarceration did not exceed the original five-year term. 18 U.S.C. § 3653. The better practice, of course, would have been for the district court to discuss this issue specifically. But when, particularly after having mentioned that petitioner had served four months in a treatment-type institution, the district court ordered twelve months to be served consecutively to the term for the marijuana conviction, the most logical—and we hold proper—reading is that the judge intended twelve more months of incarceration rather than twelve months as reduced by the four months served several years before. This construction is in accord with that given by all of the other circuit courts that have considered the issue. *United States v. Kendis,* 883 F.2d 209, 211 (3d Cir.1989) ("when a convicted defendant receives less than the maximum possible sentence, it is presumed that the trial court has credited defendant with time already served unless the record shows otherwise"); *Davis v. United States,* 790 F.2d 716, 718 (8th Cir.1986); *Ochoa v. Lennon,* 750 F.2d 1345, 1348–49 (5th Cir.), *cert. denied,* 474 U.S. 979, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985); *Granger v. United States,* 688 F.2d 1296, 1297 (9th Cir.1982). *Cf. Davis v. Willingham,* 415 F.2d 344, 345 (10th Cir.1969) (same presumption for pre-sentence custody time when court's sentence is less than the maximum sentence that could have been imposed).

AFFIRMED.

The mandate shall issue forthwith.