IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Williams,                    :
                                    : No. 448 M.D. 2013
                    Petitioner      : Submitted: January 22, 2016
                                    :
            v.                      :
                                    :
Department of Corrections,          :
                                    :
                    Respondent      :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED:  February 17, 2016


        Before the Court are the preliminary objections of the Department of
Corrections (Department) to the *pro se* petition for review of Walter Williams
seeking mandamus relief.[1]  We overrule the preliminary objections and direct the
Department to file an answer to the petition for review.

        Williams is an inmate at the State Correctional Institution at
Huntingdon (SCI-Huntingdon).  The facts as alleged in the petition for review are

---

[1] "A proceeding in mandamus is an extraordinary action at common law and is available
only to compel the performance of a ministerial act or mandatory duty where there exists no
other adequate and appropriate remedy; there is a clear legal right in the plaintiff, and a
corresponding duty in the defendant."  *McCray v. Department of Corrections*, 872 A.2d 1127,
1131 (Pa. 2005) (citation omitted).  "The Department is an executive branch agency that is
charged with faithfully implementing sentences imposed by the courts."  *Id.* at 1133.  While
mandamus is an extraordinary writ, it can be used to compel the Department to honor a particular
sentencing order or to compute a prisoner's sentence properly.  *Saunders v. Department of
Corrections*, 749 A.2d 553, 555 (Pa. Cmwlth. 2000).

as follows. In June 2005, Williams pled guilty in the Philadelphia County Common Pleas Court (trial court) to one count each of possession with the intent to deliver a controlled substance (PWID) and unrelated charges of receiving stolen property (RSP) and leaving an accident involving injury or death. The trial court imposed a concurrent split sentence[2] on each of the charges of 6 to 23 months county incarceration with a consecutive 2-year probationary period and immediately granted Williams parole.[3]

In January 2007, Williams was arrested on a new PWID charge. In April 2008, the trial court adjudged Williams guilty of the new PWID charge and sentenced him to 9 to 23 months county incarceration and granted him immediate parole. In May 2008, the trial court revoked Williams' probation based on the new PWID conviction and imposed another split sentence of a 2- to 4-year term of state imprisonment with a consecutive 5-year probationary term on his original PWID

---

[2] As this Court has explained, "[w]hen incarceration and probation are imposed on the same count of conviction, this is known as a split sentence." *Allen v. Department of Corrections*, 103 A.3d 365, 368 n.2 (Pa. Cmwlth. 2014) (citation omitted).

[3] Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act (Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30), states, in relevant part, that "[t]he following acts and the causing thereof within the Commonwealth are hereby prohibited: . . . the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board." The maximum sentence for Williams' PWID conviction is 10 years imprisonment. *See* Section 13(f)(1.1) of the Act, 35 P.S. §780-113(f)(1.1) ("Any person who violates clause . . . (30) of subsection (a) with respect to . . . coca leaves and any salt, compound derivative or preparation of coca leaves; any salt, compound derivative or preparation of the preceding which is chemically equivalent or identical with any of these substances . . . is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding ten years, or to pay a fine not exceeding one hundred thousand dollars. . . .").

conviction and a 2- to 4-year term on his RSP conviction to run concurrently with one another and with the sentence on his new PWID conviction.[4]

In February 2011, Williams completed serving the 4-year term of imprisonment imposed on his original PWID conviction and began to serve the consecutive 5-year probationary term. That same month, Williams was arrested and charged with third degree murder and involuntary manslaughter; the third degree murder charge was subsequently quashed.

In February 2012, the trial court revoked Williams' probation based on the new charges[5] and sentenced him to a 5- to 10-year term of imprisonment on his original PWID conviction with credit for the time that he had already served.[6] In October 2012, Williams filed an untimely motion to correct an illegal sentence

---

[4] Section 9771(b) of the Sentencing Code states, in pertinent part, that "[u]pon [the] revocation [of probation] the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa. C.S. §9771(b).

[5] *See Commonwealth v. Kates*, 305 A.2d 701, 706-08 (Pa. 1973) (holding that there is no constitutional or statutory restriction preventing the trial court from conducting a probation violation hearing prior to the trial for a subsequent criminal offense).

[6] At the revocation hearing, the trial court stated, in relevant part:

> The jail is going to – the Department of Corrections is going to calculate whatever time you have credit for. You obviously have at least four years because you maxed out. Those four years include the months that you spent in the County when you were first arrested on the PWID case. So I don't know how they are going to calculate any time that you have been in since you were arrested until February of 2011. I don't know how they are going to calculate that time.

Petition for Review, Exhibit A.

3

that the trial court summarily denied.[7]  In November 2013, the Superior Court quashed Williams' untimely counseled appeal of the trial court's judgment of sentence challenging its legality.  *See Commonwealth v. Williams*, (Pa. Super., No. 3195 EDA 2012, filed November 21, 2013), slip op. at 4-5.[8]

In September 2013, Williams then filed the instant petition for review asking this Court to direct the Department to award credit for the time that he already served on his original PWID conviction that was granted by the trial court

---

[7] The trial court wrote on Williams' proposed order, "Denied without hearing.  Time credit issues are resolved by the PA State Parole Board."  Petition for Review, Exhibit B.

[8] Nevertheless, the Superior Court also explained, in pertinent part:

> As provided, this Court lacks jurisdiction.  However, even if this appeal was properly before the Court, we note that [Williams'] claim [that the sentence is illegal] lacks merit.  The maximum sentence that the trial court could have originally imposed on [Williams] for PWID was ten years' imprisonment.  *See* 35 P.S. §§780(a)(30), 780(f)(1.1) (maximum sentence for PWID is ten years' imprisonment).  Upon resentencing, the trial court sentenced [Williams] to this ten-year maximum, *awarding [Williams] with credit for time that he had already served on the underlying offense*.  *See . . . Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000), *appeal denied*, 771 A.2d 1279 (Pa. 2001), *cited by Commonwealth v. Wallace*, 870 A.2d 838, 844 (Pa. 2005) ("upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally"); *Commonwealth v. Williams*, 662 A.2d 658, 659 (Pa. Super. 1995), *appeal denied*, 674 A.2d 1071 (Pa. 1996) (following probation violation, the court should give a defendant credit for the cumulative time served in custody on the original offense if the court resentences the defendant to the maximum allowable sentence on the initial offense).

*Williams*, slip op. at 5 n.3 (emphasis added).

to the sentence imposed on the latest revocation of his probation.[9]  In August 2014, the Department filed preliminary objections in the nature of a demurrer alleging that Williams fails to state a valid claim for mandamus relief because he has not provided any official court documents, such as the trial court's sentencing order or a commitment form, to demonstrate that the Department has failed to grant him the credit that the trial court directed should be applied to his sentence.[10]

However, "[i]n ruling upon preliminary objections in the nature of a demurrer, the Court must accept as true all well-pled facts and all reasonable inferences deducible therefrom, and it must determine whether the facts pled are legally sufficient to permit the action to continue." *Gordon v. Department of Corrections*, 16 A.3d 1173, 1176 n. 2 (Pa. Cmwlth. 2010).  This Court is not

---

[9] Section 9760 of the Sentencing Code states, in relevant part:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts.  This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

42 Pa. C.S. §9760(1), (2).

[10] We dismissed Williams' application for summary relief due to his failure to file a brief in support of the application or in opposition to the Department's preliminary objections.

limited to only considering the facts pled in the petition for review, but may also consider any documents or exhibits attached to it. *Allen*, 103 A.3d at 369. "In that a demurrer results in the dismissal of a suit, it should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded." *Gordon*, 16 A.3d at 1176 n.2. All doubts must be resolved against sustaining the demurrer. *Allen*, 103 A.3d at 369.

In this case, Williams has alleged that the trial court granted him credit against his original PWID sentence for all of the time that he has already served, but the Department has failed to provide such credit. The trial court's order revoking Williams' probation and imposing the judgment of sentence states, in relevant part:

> **Count 1** – 35 §780-113 §§A30 – MFG/DEL/ OR POSS W/I MFG OR DEL CONTRL SUBS –()
> To be confined for a Minimum Term of 5 years and a Maximum Term of 10 years at State Correctional Institution.
> The following conditions are imposed:
> > Other – Probation revoked: New sentence. *Credit time served. . . .*

Commonwealth's Letter Brief in Appeal No. 3195 EDA 2012, Exhibit B (emphasis added).[11] Because Williams is merely asking to have the trial court's sentence

---

[11] Although Williams did not append the trial court's judgment of sentence to his petition for review, it is appropriate for this Court to take judicial notice of the judgment of sentence from the docket entries of Williams' direct appeal to the Superior Court challenging its legality. *See, e.g.,* Pa. R.E. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Lozado v. Workers' Compensation Appeal Board (Dependable Concrete Work)*, 123 A.3d 365, 374 n.10 (Pa. Cmwlth. 2015) ("The trial court orders were not included in the certified record. However, 'it is well settled that this Court may **(Footnote continued on next page…)**

enforced and because the sentence imposed by a trial court is a question of law that involves no discretion on the Department's part, mandamus will lie to compel the Department to properly compute his sentence. *Barndt v. Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006).[12] *See also Allen*, 103 A.3d at

---

**(continued…)**

take judicial notice of pleadings and judgments in other proceedings where appropriate.' *Lycoming County v. Pennsylvania Labor Relations Board*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007).").

[12] Because Williams was sentenced to the statutory maximum when the trial court revoked his probation, he challenged the legality of the sentence in the absence of such credit before both the trial court and in his untimely direct appeal of the judgment of sentence to the Superior Court. As the Superior Court has explained:

> When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum. Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years probation. However, in a situation where probation is revoked on a split sentence, as in the case *sub judice*, a defendant is not entitled to credit for time spent on probation. Nor is a defendant automatically granted credit for time served while incarcerated on the original sentence *unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum*.

*Commonwealth v. Crump*, 995 A.2d 1280, 1283-84 (Pa. Super.), *appeal denied*, 13 A.3d 475 (Pa. 2010) (citations omitted and emphasis added). *See also Williams*, 662 A.2d at 659 (holding that because the sentence imposed on probation revocation was the statutory maximum for the offense, the sentence would be illegal if the defendant was not credited with the 23 months already served). *Compare McCray*, 872 A.2d at 1132 ("The trial court's probation revocation sentence of four concurrent terms of two to four years of incarceration . . . plus a consecutive term of five years of probation . . . is significantly less than the maximum probation revocation sentence of thirty-five to seventy years of incarceration. Therefore, as in [*Commonwealth v. Bowser*, 783 A.2d 348 (Pa. Super. 2001), *appeal denied*, 798 A.2d 1286 (Pa. 2002)], the concerns regarding the imposition of an illegal sentence that were present in *Williams*, are not at issue in this case."); *Aviles v. Department of Corrections*, 875 A.2d 1209, 1213 (Pa. Cmwlth. **(Footnote continued on next page…)**

372 ("The sentencing court clearly intended that Allen serve 59 to 119 months less any time previously served on sentences relating to the original conviction. [The Department] did not credit Allen's sentence with time served in contravention of the sentencing court's order. Therefore, Allen is entitled to the credit he seeks.") (citations omitted); *Williams*, slip op. at 5 n.3 ("Upon resentencing, the trial court sentenced [Williams] to this ten-year maximum, awarding [Williams] with credit for time that he had already served on the underlying offense.").

Accordingly, because Williams has alleged that the Department has not given credit to his sentence as the trial court directed and the Department has not shown that those facts, accepted as true, do not set forth a cognizable action in mandamus, the Department's preliminary objections are overruled and the Department is directed to file an answer to Williams' petition for review.

MICHAEL H. WOJCIK, Judge

---

**(continued…)**

2005) ("The combined total confinement components of all his sentences for this crime are less than 10 years, well within the statutory maximum. As in *McCray* and *Bowser*, concerns about the imposition of an illegal sentence are simply not present here. As in *McCray*, Aviles lacks a clear right to the credit he seeks."). In this proceeding, Williams is merely asking this Court to direct the Department to provide the credit that the trial court granted in the judgment of sentence.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Williams,                    :
                                    : No. 448 M.D. 2013
                    Petitioner      :
                                    :
        v.                          :
                                    :
Department of Corrections,          :
                                    :
                    Respondent      :


# O R D E R


AND NOW, this 17th day of February, 2016, the Department of Corrections' preliminary objections are overruled and the Department is directed to file an answer to Walter Williams' petition for review within thirty (30) days of the date of this order.


MICHAEL H. WOJCIK, Judge