BLD-227                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1934
_____

TERRY SIMONTON, JR.,
                                        Appellant
v.

FRANKLIN TENNIS; BRIAN THOMPSON; ROBERT MARSH; D. WOODRING;
JEFFREY A. RACKOVAN; W. WILLIAMS; SGT. BRIAN; LT. GRAHAM;
INMATE SEAMAN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-0233)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
**June 30, 2011**
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:    July 13, 2011)
_____

OPINION
_____

PER CURIAM

     Terry Simonton, Jr., appeals from orders of the District Court (1) dismissing his

claim against defendant Inmate Seaman, pursuant to 28 U.S.C. § 1915(e)(2)(B);

(2) granting the motion for partial judgment on the pleadings of defendants Jeffrey

Rackovan, W. Williams, Cindy G. Watson, and D. Woodring; and (3) granting the

motion for summary judgment of defendants Franklin Tennis, Brian Thompson, Robert

Marsh, Sergeant Brian, and Lieutenant Graham.  Because the appeal presents no

substantial question, we will summarily affirm.

I.

In February 2009, Simonton filed a civil rights complaint pursuant to 42 U.S.C.

§ 1983, alleging injuries sustained while he was incarcerated at SCI-Rockview in

Bellefonte, Pennsylvania.[1]  Simonton alleged that on April 12, 2008, Sergeant Brian and

Lieutenant Graham—both corrections officers at SCI-Rockview—antagonized and

incited Inmate Seaman, who was apparently upset over being denied a visitor, which

prompted Inmate Seaman to strike Simonton in the face.  Simonton received medical

attention for his injuries, including ice packs and Tylenol.  After complaining of

headaches and displaying black circles under his eyes days later, an X-ray was taken

confirming that the blow from Inmate Seaman had broken Simonton's nose.  Simonton

was prescribed pain medications.  According to Simonton, he has experienced hearing

loss, headaches, and vision problems since the incident.

Simonton specifically alleged that Sergeant Brian and Lieutenant Graham, as well

as Tennis, Thompson, and Marsh, violated his Eighth Amendment rights in failing to

---

[1] Simonton is currently housed at the Green Rock Correctional Center in Chatham,
Virginia.

protect his safety. He also alleged that Tennis, Thompson, and Marsh engaged in repeated cover-ups of prisoner assaults within SCI-Rockview. Simonton further alleged that Tennis, Thompson, and Marsh, in addition to Rackovan, Williams, and Watson—the three grievance officers—failed to properly investigate his grievance claims. Finally, Simonton alleged that Woodring denied him his right to review his medical records. All defendants were sued in both their official and personal capacities.

In an April 17, 2009 order, the District Court dismissed Inmate Seaman pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Rackovan, Williams, Watson, and Woodring subsequently moved for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. On January 22, 2010, the District Court granted that motion. The remaining defendants—Tennis, Thompson, Marsh, Sergeant Brian, and Lieutenant Graham—then moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. In a March 16, 2011 order, the District Court granted these defendants' motion for summary judgment. Simonton appealed.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We may summarily affirm a judgment of the District Court if the appeal does not raise a substantial question. 3d Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. Hedges v. Musco, 204 F.3d 109, 116 (3d Cir. 2000). We are of course mindful that a pro se litigant's complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III.

In order to establish a § 1983 claim, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (en banc).

### A. Dismissal of the claim against Inmate Seaman

The District Court dismissed as frivolous Simonton's claims as to Inmate Seaman. See 28 U.S.C. § 1915(e)(2)(B)(i). Our review of that dismissal is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We affirm the District's order, as it properly concluded that Simonton cannot sue Inmate Seaman under § 1983 because he is not a state actor. A review of Simonton's complaint reveals no allegations giving rise to a plausible inference that Inmate Seaman acted under color of state law or conspired with state actors to deny Simonton his constitutional rights. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."). Accordingly, Simonton cannot recover against Inmate Seaman under § 1983. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010) ("To prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action").

4

B.  Grant of partial summary judgment on the pleadings as to defendants Rackovan, Williams, Watson, and Woodring

We exercise plenary review over a district court's order granting a Rule 12(c) motion.  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005).  In doing so, "we accept as true all of the allegations in the complaint and draw all reasonable inferences therefrom in favor of [the nonmovant]."  Consol. Rail Corp. v. Portlight, Inc., 188 F.3d 93, 94 (3d Cir. 1999).  We will affirm only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law."  Sikirica, 416 F.3d at 220.

Simonton claims that these defendants violated his constitutional rights in failing to investigate his grievances.  At the outset, it is important to note that access to prison grievance procedures is not a constitutionally-mandated right.  See Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) ("I do not suggest that the [prison grievance] procedures are constitutionally mandated"); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases).  Simonton has not presented any evidence tending to show that Rackovan deprived him of any right.  A bare allegation of "rubber stamping" does not suffice to establish a cognizable constitutional violation.   Accordingly, the District Court correctly concluded that judgment on the pleadings was warranted on Simonton's failure to investigate grievances claim, as it concerned Rackovan.

Further, a prison official's secondary review of an inmate's grievance or appeal is

5

not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (holding that a plaintiff must establish that the defendants "have personal involvement in the alleged wrongs [which] . . . can be shown through allegations of personal direction or of actual knowledge and acquiescence," and noting that the governor's awareness of plaintiff's grievance filed with his office of administration is insufficient to establish personal involvement in, and actual knowledge of, the conduct complained of by plaintiff). Additionally, "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." Id. at 1207 (emphasis added). Simonton has not alleged Watson's knowledge and acquiescence with the required particularity; her mere review of Simonton's grievances is not sufficient. Id. Simonton has failed to show that Watson had the necessary personal involvement in the underlying unconstitutional conduct. The District Court correctly concluded that judgment on the pleadings was warranted on Simonton's failure to investigate grievances claim, as it concerned Watson, Wilson, and Woodring.[2]

C. Grant of summary judgment in favor of Tennis, Thompson, Marsh, Sergeant Brian, and Lieutenant Graham

This Court exercises plenary review over the District Court's entry of summary judgment, Noel v. Boeing Co., 622 F.3d 266, 270 n.4 (3d Cir. 2010), viewing the

---

[2] Prior to disposition, Simonton conceded that he had no valid claims against Woodring and Williams. (Dist. Ct. Mem. of January 22, 2010, pg. 2.)

underlying facts and all reasonable inferences therefrom in the light most favorable to the non-moving party. See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010). An order granting summary judgment is appropriate when the evidence reveals there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

1. Conspiracy Claim

The District Court properly granted summary judgment to Tennis, Thompson, and Marsh on Simonton's conspiracy claim. In order to sufficiently allege a claim of civil rights conspiracy, the complaint must specifically set forth: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. See Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1998)). Furthermore, the allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (affirming dismissal of conspiracy claims based upon mere suspicion and speculation).

We agree with the District Court that there is no evidence in the record to demonstrate a genuine issue of material fact to sustain a claim of conspiracy. Besides the

generically broad allegations of a "cover up," Simonton fails to allege specific facts detailing the conduct involved and the timeframe. Nor does he present facts that remotely suggest concerted activity. The District Court thus correctly concluded that summary judgment was warranted on Simonton's conspiracy claim.

2. Failure to Investigate Grievances Claim

The District Court properly granted summary judgment to Tennis, Thompson, and Marsh on Simonton's claim of failure to investigate grievances. As noted above, access to prison grievance procedures is not a constitutionally-mandated right. Jones, 433 U.S. at 138 (Burger, C.J., concurring); Massey, 259 F.3d at 647. Simonton's claim is further undermined by his failure to allege knowledge and acquiescence with the required particularity. See Rode, 845 F.2d at 1208. Simonton's general assertion that Tennis, Thompson, and Marsh occupy supervisory roles is not sufficient to demonstrate that their secondary review of an inmate's grievance or appeal establishes the deprivation of a constitutional right. Simonton has thus failed to show that these defendants had the necessary personal involvement to sustain a cognizable § 1983 claim. Accordingly, the District Court correctly concluded that summary judgment was warranted on Simonton's failure to investigate grievances claim.

3. Failure to Protect Claim

The District Court properly granted summary judgment to Tennis, Thompson, and Marsh on Simonton's Eighth Amendment failure to protect claim. This claim rests upon the nature of their supervisory roles in SCI-Rockview. To establish an action for

8

supervisory liability, a plaintiff must demonstrate that the supervising officials: (1) personally participated in violating a person's rights; (2) directed others to violate a person's rights; or (3) had knowledge of and acquiesced in a subordinate's violations of a person's rights. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co., v. White, 548 U.S. 53, 76-78 (2006). We agree with the District Court that Simonton has failed to put forth any facts suggesting that Tennis, Thompson, or Marsh participated in unconstitutional activity, directed others to do so, or had knowledge of and acquiesced in a subordinate's unconstitutional conduct.

Likewise, the District Court properly granted summary judgment to Sergeant Brian and Lieutenant Graham on Simonton's Eighth Amendment failure to protect claim. Among their many duties, prisoner officials are charged with taking "reasonable measures to guarantee the safety of the inmates," Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)), which includes protecting "prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quoting Farmer, 511 U.S. at 833).

Not all injuries inflicted upon one prisoner by another equate to an Eighth Amendment violation on the part of prison officials. Farmer, 511 U.S. at 834. To establish an Eighth Amendment failure to protect claim, a plaintiff must show that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) prison officials operated with "deliberate indifference to [his] health and safety." Id.; see

9

also <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 125 (3d Cir. 2001).  Deliberate indifference is proven by showing that an official "knows of and disregards an excessive risk to inmate health or safety."  <u>Farmer</u>, 511 U.S. at 837.  Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference."  <u>Id.</u>

We agree with the District Court that Simonton has failed to demonstrate genuine issues of material fact to establish an Eighth Amendment violation.  First, there is not the slightest indication from Simonton's complaint or statement of facts that he was incarcerated under conditions posing a substantial risk of serious harm.  This prong generally cannot be met by allegations of a single incident.  <u>See</u> <u>Riley v. Jeffes</u>, 777 F.2d 143, 147 (3d Cir. 1985).  There is no evidence that prior to this incident Simonton was subject to threats, abuses, or danger at SCI-Rockview.  Simonton even discloses that Inmate Seaman was previously irate when he began talking with Lieutenant Graham, and all of the evidence points to the conclusion that the attack by Inmate Seaman occurred without forewarning; in particular, it was unanticipated by Simonton as well as Sergeant Brian and Lieutenant Graham.

As to the second prong, there is absolutely no evidence offered by Simonton indicating that Sergeant Brian and Lieutenant Graham acted with the requisite culpable state of mind:  deliberate indifference to Simonton's health and safety.   Simonton presents no evidence tending to show that Sergeant Brian and Lieutenant Graham knew and consciously disregarded the risk that Inmate Seaman would channel his anger by

10

striking Simonton in the face. The District Court thus correctly concluded that summary judgment was warranted on Simonton's Eighth Amendment failure to protect claim.

## IV.

For the reasons given in this opinion, we will summarily affirm the judgment of the District Court.

11