IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis Richard Stief,                    :
                                         : No. 477 C.D. 2016
                      Appellant          : Submitted: July 29, 2016
                                         :
            v.                           :
                                         :
Steven Glunt, Superintendent,            :
Timothy Miller, Program Manager,         :
Jeffrey Rackovan, Grievance              :
Officer and Dorina Varner, Chief         :
Grievance Officer                        :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: November 18, 2016


            Dennis Richard Stief, an inmate at the State Correctional Institution at

Rockview (S.C.I. Rockview), appeals *pro se* the order of the Centre County Court

of Common Pleas (trial court) sustaining the preliminary objections of prison

officials[1] and dismissing his complaint seeking monetary damages and injunctive

relief. We affirm.

---

[1] The named defendants are Steven Glunt, the superintendent of S.C.I. Rockview;
Timothy Miller, a program manager at the prison; Jeffrey Rackovan, a grievance officer at the
prison; and Dorina Varner, the prison's chief grievance officer.

In 1998, Stief was convicted of a number of offenses including unlawful restraint, rape, and involuntary deviant sexual intercourse, and he was subsequently sentenced to serve 102 months to 20 years imprisonment.[2] In June 2008, and June 2010, the Department of Corrections (Department), recommended that Stief participate in the institutional sexual offender treatment program (SOTP). Stief did not comply with the Department's recommendation because he refused to admit his guilt, which is a prerequisite of the SOTP. In March 2013, he was denied parole based on his failure to participate in the SOTP, and in June 2014, this Court sustained the preliminary objections of the Pennsylvania Board of Probation and Parole (Board) and dismissed Stief's *pro se* petition for review seeking mandamus

---

[2] The Superior Court summarized the facts underlying Stief's criminal case as follows:

> On April 16, 1998, [Stief] was convicted by a jury of rape, involuntary deviate sexual intercourse, two counts of indecent assault, indecent exposure, unlawful restraint, simple assault, and seven counts of criminal conspiracy. The evidence established that on September 20, 1997, M.M. was on a street in Reading, when she was approached by [Stief]'s brother, Francis, who was driving a car. She agreed to have sex with Francis for forty dollars, but when Francis drove her to a remote location where [Stief] was present, M.M. changed her mind and asked to be released. Instead, she was raped by Francis, and then assaulted by [Stief], who placed a knife to her face and threatened her with harm if she failed to cooperate with his demands. [Stief] thereafter raped M.M. and forced her to perform oral sex on him. On direct appeal, [the Superior Court] affirmed the convictions but remanded for re-sentencing. *Commonwealth v. Stief*, [(Pa. Super., No. 1269 HBG 1998, filed May 4, 1999), *appeal denied*, 743 A.2d 919 (Pa. 1999). Stief] was re-sentenced on December 6, 1999, to 102 months to twenty years imprisonment. He did not file another direct appeal challenging the new sentence imposed.

*Commonwealth v. Stief*, (Pa. Super., Nos. 621 MDA 2012, 855 MDA 2012, filed November 21, 2012), slip op. at 2.

2

relief to compel the Board to reconsider his application for parole. *See Stief v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 301 M.D. 2013, filed June 27, 2014).

In May 2014, Stief filed the instant petition for review pursuant to 42 U.S.C. §1983,[3] alleging that the prison officials violated his equal protection and due process rights.[4] In the petition, Stief alleges that he was transferred to S.C.I. Rockview in May 2011, and that he was assigned to work in the laundry department. He states that the superintendent was assigned to the facility in July 2013, "after a brutal rape of a staff member by an inmate," and that the superintendent "decided that any inmate convicted of any type of sexual offense would be forced to participate in [the Department's SOTP] regardless of the fact that such inmate was still appealing his conviction in the appellate courts, thus violating [Stief]'s Fourteenth Amendment Right to Due Process and Equal Protection." Petition for Review at ¶2. Stief also asserts that he was removed from his job "due to his non-compliance of submitting himself to the recommended [SOTP]," and that the grievance he submitted due to his removal was denied by the

---

[3] A complaint alleging a Section 1983 claim "must state that the defendant, under color of state law, deprived the plaintiff of a right, privilege or immunity guaranteed by federal statutory or constitutional law." *Clark v. Beard*, 918 A.2d 155, 165 (Pa. Cmwlth. 2007). Section 1 of the Fourteenth Amendment to the United States Constitution states, in relevant part, that "[n]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[4] Stief filed the petition for review in this Court; however, we transferred the matter to the trial court for disposition. *See Fawber v. Cohen*, 532 A.2d 429, 432 (Pa. 1987) ("In *Balshy* [*v. Rank*, 490 A.2d 415, 420-21 (Pa. 1985)], we held that the Legislature intended to exclude all tort actions for *money damages* from Commonwealth Court's original jurisdiction, whether based on common law trespass or Section 1983, because *all* of these action were in the 'nature of trespass' in that they sought money damages as redress for an unlawful injury.") (emphasis in original).

prison officials based on DC-ADM 816 Section 1.B.6., which states that "[n]o inmate has a right to be assigned or continue in any specific work/school assignment," and DC-ADM 816 Section 1.D.2., which states that an inmate may forfeit general labor pool (GLP) compensation if he or she fails to "comply with his/her Correctional Plan." *Id.* at ¶¶3-5, 7-10; Exhibits B, C. Stief also contends that "[t]he actions of all named defendants takes the 'recommended' participation away from [him] and actually 'mandates' that [he] participate in treatment, thus denying [him] any due process protections, pursuant to the Fourteenth Amendment." *Id.* at ¶13.

The prison officials filed a demurrer to the complaint asserting that under Section 1983, Stief must first demonstrate that the prison officials deprived him of a constitutional or statutory right and that he has no such right in his prison job.[5] The prison officials also argued that while an inmate cannot be compelled to participate in prescriptive programming such as the SOTP, he may be subject to undesirable consequences based on his refusal,[6] and DC-ADM 816 Section 1.D.2. permits his removal from the laundry assignment due to his nonparticipation. Finally, the prison officials also averred that they are not liable under Section 1983 because the superintendent was not personally involved in the alleged

---

[5] *See Miles v. Wiser*, 847 A.2d 237, 240 (Pa. Cmwlth.), *appeal denied*, 864 A.2d 1206 (Pa. 2004) (holding that "an inmate's interest in keeping a prison job does not amount to a property right.") (citation omitted).

[6] *See Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766, 778-79 (Pa. Cmwlth. 1997) (holding that while an inmate is free to exercise his rights not to participate in the SOTP or to not admit his guilt, "[h]e is not, however, immunized from all adverse consequences, if any, arising from that refusal . . . .").

4

wrongdoing,[7] and that the other officials involved in the grievance process were likewise not so personally involved to establish liability.[8]

On October 5, 2015, the trial court sustained the preliminary objections and dismissed Stief's petition for review, finding that the "averments indicate no personal involvement on the part of [the prison officials]" and that "[b]ecause [Stief] has no right under the U.S. Constitution [to his prison job], he cannot make a successful Section 1983 claim." Trial Court 10/5/15 Opinion at 2. On November 20, 2015, the trial court filed an order denying Stief's "Objection to Decision Rendered on 10-5-15 Non [*sic*] Pro Tunc," declining to set aside its opinion and order of October 5, 2015. On December 14, 2015, Stief filed a notice of appeal to the Superior Court and the appeal was transferred to this Court.[9]

On December 18, 2015, the trial court ordered Stief to file a Concise Statement of Errors Complained of on Appeal (Concise Statement)[10] pursuant to

---

[7] *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3rd Cir. 2003) (holding that a superintendent who was not personally involved in the application of policy to the inmates was not liable under Section 1983).

[8] *See Simonton v. Tennis*, 437 Fed. Appx. 60, 62 (3rd Cir. 2011) (holding that "[a] bare allegation of 'rubber stamping'" or a prison official's secondary review of an inmate's grievance or appeal "does not suffice to establish a cognizable constitutional violation.").

[9] Our review of the trial court's order sustaining preliminary objections in the nature of a demurrer and dismissing a complaint is limited to determining whether the law states with certainty that no recovery is possible under the facts alleged. *Bush v. Veach*, 1 A.3d 981, 984 n.1 (Pa. Cmwlth. 2010). We will accept as true all well-pleaded allegations of material fact in the complaint as well as all inferences reasonably deduced therefrom, and any doubt should be resolved in favor of overruling the demurrer. *Id.*

[10] Pa. R.A.P. 1925(b) states that "[i]f the judge entering the order giving rise to the notice of appeal ('judge') desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('[Concise] Statement')."

Pa. R.A.P. 1925(b). On January 4, 2016, Stief mailed a timely Concise Statement to the trial court that the court subsequently filed.

In this appeal, Stief argues: (1) the trial court erred in sustaining the preliminary objections because his prison work detail was terminated based on discrimination and without valid cause thereby violating his equal protection rights; (2) the trial court erred in sustaining the preliminary objections because his civil action was to be liberally construed due to his status as a *pro se* litigant; and (3) the trial court erred in sustaining the preliminary objections because the Department does not retain sovereign immunity with respect to his claims.

However, none of the foregoing claims were raised in Stief's Pa. R.A.P. 1925(b) Concise Statement. As the Supreme Court has explained:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted).

Because Stief did not raise any of the claims asserted in the instant appeal in his Concise Statement, or seek amendment or supplementation to the

6

Concise Statement to include these claims,[11] they are waived for purposes of appeal. *See* Pa. R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Concise] Statement and/or not raised in accordance with the provisions of the paragraph (b)(4) are waived."); *Burkett v. St. Francis Country House*, 133 A.3d 22, 36 (Pa. Super. 2016) ("A review of the record reveals St. Francis did not raise these arguments in its Rule 1925(b) statement. Such an omission constitutes waiver.") (citations omitted). Therefore, Stief did not preserve these issues for our review.

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[11] *See* Pa. R.A.P. 1925(c)(2) ("Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a [Concise] Statement for amendment or supplementation of a timely filed and served [Concise] Statement and for a concurrent supplemental opinion.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis Richard Stief,              :
                                   : No. 477 C.D. 2016

                    Appellant    :
                                     :

                        v.                  :
                                     :

Steven Glunt, Superintendent,    :
Timothy Miller, Program Manager,  :
Jeffrey Rackovan, Grievance      :
Officer and Dorina Varner, Chief   :
Grievance Officer              :

## O R D E R

AND NOW, this 18th day of <u>November</u>, 2016, the order of the Centre County Court of Common Pleas dated November 20, 2015, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge