# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brehon Rawlings,                     :
                        Petitioner   :
                                     :
            v.                       :     No. 562 M.D. 2016
                                     :     Submitted: June 23, 2017
John Wetzel, Secretary of D.O.C.     :
Robert Gilmore, Superintendent at    :
SCI-Greene,                          :
                        Respondents  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                 **FILED: October 20, 2017**

Before us in our original jurisdiction are the Department of Corrections' (DOC) preliminary objections in the nature of a demurrer. Brehon Rawlings (Rawlings), an inmate at the State Correctional Institution Greene (SCI-Greene), representing himself, filed a petition for review (Petition) seeking to enjoin alleged violations of his constitutional rights[1] and of the Americans with Disabilities Act (ADA), 42 U.S.C. §§12131-12134. He alleges DOC Secretary John Wetzel, and Superintendent of SCI-Greene, Robert Gilmore (collectively, Respondents), housed him in a restricted housing unit (RHU) for disciplinary reasons without regard for his mental illness. DOC argues Rawlings fails to plead a constitutional violation. It also asserts the pleading is legally deficient as to Respondents' culpability for the alleged violations. We sustain the demurrer and dismiss the Petition.

## I. Background

---

[1] U.S. CONST., amend. VIII, XIV; PA. CONST., art. 1 §26.

Rawlings filed the Petition against Respondents, alleging violations of his constitutional rights. Specifically, he claims Respondents violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution, and his right to equal protection under the Fourteenth Amendment to the U.S. Constitution, and Article 1, Section 26 of the Pennsylvania Constitution. He also asserts DOC did not abide by its agreement with the Disability Rights Network requiring monthly assessments of inmates' mental health while in solitary confinement. He alleges DOC did not consider his mental illness before placing him in RHU, and he avers that such confinement was not necessary for legitimate, penological reasons. He seeks an order directing DOC to cease violating his constitutional rights and to abide by the Disability Rights Network agreement.

Rawlings' Petition sets forth the following pertinent facts. Throughout his incarceration, Rawlings received treatment for anxiety and depression. Upon entering the DOC system in 2014, he was classified as a "C code" for mental health stability. Pet. at ¶9. Following an evaluation at SCI-Camp Hill, he was housed in a mental health unit. Id. at ¶10. Since his transfer to SCI-Greene in June 2015, Rawlings received regular psychological treatment. Id. at ¶11.

On March 1, 2016, Rawlings received four class 1 misconduct charges.[2] When found guilty, he was sentenced to 180 days in RHU.[3] He alleges DOC violated its policy, DC-ADM 801 (Policy), by housing him without an assessment by mental

---

[2] The charges included aggravated assault and refusing to obey an order. Pet. at Ex. A-1.

[3] Rawlings received a second misconduct charge in April 2016 while serving RHU time, for which he received an additional 30 days in RHU. He then received a third misconduct charge in August 2016.

health staff. Id. at ¶¶15-16. He alleges his misconduct report did not show he was on the mental health roster, or reflect his stability code as the Policy requires. He contends his mental health should have been considered by the hearing examiner during sentencing. Id. at ¶¶17, 29. It is unclear from Rawlings' Petition how, if at all, he was precluded from asserting his mental health status during sentencing.

Nevertheless, Rawlings filed a grievance regarding these alleged violations of the Policy, and for disregarding his mental health status by housing him in the RHU. He exhausted his administrative remedies in that he "received [a] final order of grievance appeal from [DOC's] Chief Grievance Officer concerning Health Care Services." Pet. at ¶3, see also id. at ¶40.

Additionally, Rawlings claims DOC violated its agreement with Disability Rights Network (Agreement). He avers the Agreement requires mental health staff to interview C code inmates every 30 days, yet he received only one assessment while in the RHU. The Agreement states: "[Special Residential Treatment Unit (SRTU)] housing will be provided to inmates on the active mental health roster …. Inmates may be transferred to the SRTU [on disciplinary] status. [Such] inmates will receive credit on their disciplinary time while housed in the SRTU." Id. at ¶31. He avers DOC's violation of the Agreement denied him the opportunity for an early discharge from disciplinary custody.

Rawlings complains the RHU sanction disregarded his mental health, and Respondents were deliberately indifferent to his mental illness by housing him

3

in the RHU. He also claims Respondents violated his rights under the ADA, and he was not treated the same as inmates in the same stability code. Id. at ¶¶48, 50.

As to relief, Rawlings seeks a permanent injunction against Respondents' alleged constitutional violations. Overall, he seeks "EQUALITY." Id. at ¶52 (all caps in original).

## II. Discussion

Pursuant to Pa. R.C.P. No. 1028(a)(4), DOC filed preliminary objections to Rawlings' Petition in the nature of a demurrer. DOC argues the pleading is deficient because it does not allege sufficient personal involvement of Respondents. DOC also asserts Rawlings cannot state a claim for DOC's failure to comply with the Policy. In addition, it argues Rawlings cannot establish a deliberate indifference claim against Respondents, who are not medical personnel.

In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible therefrom. Aviles v. Dep't of Corr., 875 A.2d 1209 (Pa. Cmwlth. 2005). Further, we may also consider any "documents or exhibits attached to [the petition]." Lawrence v. Dep't of Corr., 941 A.2d 70, 71 (Pa. Cmwlth. 2007). However, conclusions of law and unjustified inferences are not so admitted. Allen v. Dep't of Corr., 103 A.3d 365 (Pa. Cmwlth. 2014). We may sustain preliminary objections in the nature of a demurrer only when, based on the facts pled, it is clear that the complainant will be unable to prove facts legally sufficient to establish a right to relief. Mazur v. Trinity Area Sch. Dist., 961 A.2d 96 (Pa. 2008); Humphrey v. Dep't of Corr., 939 A.2d 987, 990 n.4

4

(Pa. Cmwlth. 2007), aff'd, 955 A.2d 348 (Pa. 2008) ("Only in circumstances that are free from doubt may preliminary objections be sustained.").

Rawlings attempts to state a Section 1983[4] claim against Respondents for alleged constitutional and statutory violations. Specifically, Rawlings generally asserts Respondents were deliberately indifferent to his mental health in violation of the Eighth Amendment of the U.S. Constitution. He also generally claims Respondents violated his rights under the ADA. Id. at ¶48.

To state a Section 1983 claim, a petitioner "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Miles v. Wiser, 847 A.2d 237 (Pa. Cmwlth. 2004). A petitioner must name an individual defendant culpable for the alleged violations. Warren v. Dep't of Corr., 616 A.2d 140 (Pa. Cmwlth. 1992).

Under the Eighth Amendment, the government may not inflict "cruel and unusual punishments." U.S. CONST. amend. VIII. To that end, "[p]rison officials must ensure that inmates are not deprived of the 'minimal civilized measure of life's necessities,' including … medical care …." Tindell v. Dep't of Corr., 87 A.3d 1029, 1041 (Pa. Cmwlth. 2014) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In the medical care context, Rawlings must allege that prison officials were deliberately indifferent to an objectively serious medical need. Id. In addition, he must aver the officials had the requisite intent. Id. "[This] subjective element

_____

[4] 42 U.S.C. §1983.

5

requires that the officials act with a 'sufficiently culpable state of mind.'" Krechmar v. Dep't of Corr., 831 A.2d 793, 799 (Pa. Cmwlth. 2003) (quoting Farmer v. Brennan, 511 U.S. 824, 834 (1994)).

To prevail on an ADA claim, Rawlings must show: "(1) he is a qualified individual with a disability;[5] (2) he is either excluded from or otherwise denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and, (3) he was excluded from the program based solely on his disability." Kenneth S. Hantman, Inc. v. Office of Unemployment Comp. Tax Servs., 928 A.2d 448, 452-53 (Pa. Cmwlth. 2007) (emphasis added). A "public entity" is "any State or local government ...." 42 U.S.C. §12131(1)(A).

## A. Policy Violation

First, we consider DOC's objection that the Policy is not a proper basis for finding a constitutional violation.

Rawlings asserts DOC's noncompliance with its Policy violated his rights because it did not afford him an interview with mental health staff before his hearing on his first misconduct report. Pursuant to the Policy, mental health staff may recommend a reduction or exception for RHU disciplinary time. Further, the Policy provides an inmate's mental health status and stability code should be included on the misconduct report so it may be considered by the hearing examiner.

---

[5] A disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment...." 42 U.S.C. § 12102(1).

6

Here, the misconduct report did not include Rawlings' stability code. See Ex. A-1 to Pet.

However, a failure to comply with prison policy is not a basis for a cause of action. Africa v. Horn, 701 A.2d 273 (Pa. Cmwlth. 1997). This Court's precedent is clear that administrative rules and regulations do not create enforceable rights in prison inmates. Tindell (denying inmate's request for mandamus relief; holding inmate did not establish deliberate indifference claim). Administrative regulations are not statutes or constitutional provisions. Id.[6]

To the extent Rawlings claims DOC's violation of its Policy violated his rights, "an inmate does not have a viable claim under [Section 1983] based solely on a prison official's failure to adhere to a regulation, directive or policy statement." Yount v. Dep't of Corr., 886 A.2d 1163, 1169 (Pa. Cmwlth. 2005). It is well-established that, "[p]rison officials are afforded a wide range of discretion in the promulgation and enforcement of policies to govern internal prison operations and must be allowed to exercise their judgment and to execute those policies necessary to preserve order and maintain security within [SCIs] free from judicial interference." Tindell, 87 A.3d at 1035 (citing Bronson v. Cent. Office Review Comm., 721 A.2d 357, 358 (Pa. 1998); Jackson v. Hendrick, 503 A.2d 400, 404 (Pa. 1986); Garrison v. Dep't of Corr., 16 A.3d 560, 564 (Pa. Cmwlth. 2011)).

---

[6] Similarly, the Disability Rights Network Agreement is not a statute or a constitutional provision. As such, and as pled here, it does not underlie a cognizable federal right that may form the basis for a Section 1983 claim. Yount v. Dep't of Corr., 886 A.2d 1163 (Pa. Cmwlth. 2005). Further, Rawlings did not connect Respondents to the alleged Agreement violations. Therefore, his allegation that Respondents violated the Agreement does not state a claim under Section 1983.

Moreover, while Rawlings asserts that his misconduct report did not show he was on the mental health roster or reflect his stability code, he does not allege he was somehow precluded from raising these facts on his own behalf at his hearing. In this respect, he fails to causally connect the alleged deficiencies to his alleged harm. This lapse in pleading also raises the questions of whether the issue was preserved and whether Rawlings exhausted his administrative remedies.

Therefore, we agree with DOC that Rawlings fails to state a Section 1983 claim for alleged violation of the Policy. Accordingly, to the extent his Petition claims violations of due process rights predicated on the Policy, it is dismissed.

## B. Lack of Personal Involvement

Next, we examine DOC's objection that Rawlings fails to plead sufficient personal involvement against either named Respondent.

In a civil rights claim under Section 1983, a state official must have direct involvement in the violation of constitutional or statutory law. Anelli v. Arrowhead Lakes Cmty. Ass'n, Inc., 689 A.2d 357 (Pa. Cmwlth. 1997). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988). Such allegations "must be made with appropriate particularity." Id. at 1208 (citations omitted).

Although allegations of personal direction may suffice, allegations that Respondents had supervisory responsibility are insufficient. Fortune v. Wetzel (Pa.

8

Cmwlth., No. 644 M.D. 2012, filed June 27, 2013) (unreported), 2013 WL 3270885, at *2 (quoting Rode, 845 F.2d at 1207). "Because vicarious liability is inapplicable to ... [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003).

"[P]articipation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement for purposes of §1983." Martin v. Giroux (Pa. Cmwlth., No. 1934 C.D. 2016, filed May 26, 2017) (unreported), 2017 WL 2303362, at *4 (citations omitted); see Simonton v. Tennis, 437 Fed. Appx. 60, 62 (3d Cir. 2011) (holding "bare allegation of 'rubber stamping'" or an official's secondary review of inmate's grievance or appeal "does not suffice to establish a cognizable constitutional violation."); Atwell v. Lavan, 557 F. Supp. 2d 532, 547 (M.D. Pa. 2008). Such after-the-fact awareness does not show firsthand knowledge.

Rawlings' Petition does not meet this particularity standard. His most specific averment states:

> Respondents also knows [sic] or is [sic] deliberately indifferent to these effects [of the RHU on the wellbeing of [Rawlings' mental illness] through grievances and request slips submitted by [Rawlings]. Furthering the knowledge and awareness that [Rawlings] have [sic] been subjected to an excessive period of isolation, causing more harm to his mental health.

Pet. at ¶35. Rawlings also avers Respondents were deliberately indifferent to the effects of the RHU on his well-being, in light of his mental illness. Id. at ¶33.

Significantly, Rawlings does not allege personal knowledge or involvement of either Respondent in the alleged violations. Allegations that

9

Respondents became aware of alleged violations from their subsequent review of grievances or request slips for treatment do not suffice. Rode. Accordingly, we sustain Respondents' preliminary objection to lack of personal involvement.

**C. Sufficiency of Claims**

Lastly, we address the overall merit of Rawlings' constitutional and statutory claims to assess whether he pleads sufficient facts to grant relief.

Specifically, as to his deliberate indifference claim, Rawlings did not allege Respondents had the requisite subjective intent. Kretchmar; Spruill v. Gillis, 372 F.3d 218, 237 (3d Cir. 2004) (plaintiff needs to "connec[t] his factual allegations to the alleged mental states" of respondents). He did not plead Respondents had a "state of mind akin to criminal recklessness" as required. Tindell, 87 A.3d at 1039. He only pled they had knowledge and awareness of his medical need. Pet. at ¶33-35.

Further, Rawlings does not state a deliberate indifference medical care claim as a result of Respondents' denial of his grievances or requests for treatment. Spruill; Atwell. "[M]ere disagreement as to the proper medical treatment is also insufficient" to state a claim for deliberate indifference. Spruill, 372 F.3d at 235.

To the extent Rawlings asserts his continued housing in the RHU violates his Eighth Amendment rights, his claim lacks merit. Relevant here, Rawlings did not plead a sufficiently serious medical need to be exempt from RHU disciplinary custody. Housing in RHUs and isolation cells alone has not been held to violate the Eighth Amendment ban on cruel and unusual punishment. Tindell.

Moreover, "it is entirely a matter of [DOC's] discretion where to house an inmate." Clark v. Beard, 918 A.2d 155, 160 (Pa. Cmwlth. 2007). Pursuant to DOC regulation, an "inmate does not have a right to be housed in a particular facility or in a particular area within a facility." 37 Pa. Code §93.11.

In the interest of completeness, we address the legal sufficiency of Rawlings' ADA claim. The entirety of his ADA claim consists of two general paragraphs, Nos. 48-49. Rawlings did not allege any facts from which it may be inferred that he was subject to discrimination by reason of his alleged mental health disability. He also did not allege discrimination by a public entity. Under the ADA, individuals have no liability because they are not "public entities." Watson v. Dep't of Corr., 990 A.2d 164 (Pa. Cmwlth. 2010) (citing Taylor v. Altoona Area Sch. Dist., 513 F.Supp.2d 540 (W.D. Pa. 2007)). Accordingly, Rawlings cannot state an ADA claim against Respondents.

In sum, Rawlings fails to state a claim under Section 1983 for a constitutional or statutory violation. Because the Petition is legally deficient to state claims against the named Respondents, we sustain DOC's demurrer.

## III. Conclusion

For the foregoing reasons, the preliminary objections are sustained, and we conclude that Rawlings' Petition fails to state a cognizable claim. Accordingly, the Petition is dismissed.[7]

---

[7] Although his Petition alludes to requests for equal treatment, Rawlings does not allege sufficient facts to state an equal protection claim. To the contrary, he pled the opposite, noting that "prisoners with mental illness often languish in [RHUs], deteriorate mentally and suffer terribly." Pet. at ¶30.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brehon Rawlings,      :
     Petitioner  :
          :
    v.      :  No. 562 M.D. 2016
          :
John Wetzel, Secretary of D.O.C  :
Robert Gilmore, Superintendent at :
SCI-Greene,      :
     Respondents :

## O R D E R

**AND NOW**, this 20th day of October, 2017, Respondents' preliminary objections are **SUSTAINED**, and the petition for review is **DISMISSED**.

         _____
         ROBERT SIMPSON, Judge